IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| MAGUIRE-O'HARA CONSTRUCTION, INC., et al., | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-19-705-R |
| | ) | |
| COOL ROOFING SYSTEMS, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Defendant Philadelphia Indemnity Insurance Company's response, Doc. No. 39, to the Court's order to show cause, Doc. No. 37. Upon review, the Court finds as follows.

On December 20, 2019, Defendant Cool Roofing filed for Chapter 7 bankruptcy in the United States Bankruptcy Court for the Eastern District of California. *See* Case No. 2:19-27849, Doc. No. 1. Such a filing imposes an automatic stay on the commencement or continuation of any proceeding against Cool Roofing. *See In re Peeples*, 880 F.3d 1207, 1214 (10th Cir. 2018) (citing 11 U.S.C. § 362(a)). Accordingly, the Court stayed Plaintiffs' action against Defendant Cool Roofing until resolution of Cool Roofing's bankruptcy petition in the United States Bankruptcy Court. Doc. No. 37. Plaintiffs now ask the Court to allow their claim against Defendant Philadelphia Indemnity Insurance Company (PIIC) to proceed. Doc. No. 36. PIIC objects, suggesting that Cool Roofing's stay should be expanded to include the claims against them. Doc. No. 39. The Court agrees.

1

Under 11 U.S.C. § 362, "an automatic stay generally does not stay litigation as to [solvent] co-defendants of the bankrupt." *Meier v. Chesapeake Operating L.L.C.*, 778 F. App'x 561, 561 (10th Cir. 2019) (quoting *Fortier v. Dona Anna Plaza Partners*, 747 F.2d 1324, 1330 (10th Cir. 1984)). The Tenth Circuit has, however, recognized a narrow exception to this general rule which permits a stay to be expanded to cover solvent co-defendants. *See Oklahoma Federated Gold & Numismatics, Inc. v. Blodgett*, 24 F.3d 136, 141 (10th Cir. 1994); *see also Dixie Aire Title Servs., Inc. v. SPW, L.L.C.*, 389 B.R. 222, 225 (W.D. Okla. 2008). This narrow exception arises "'when there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor.'" *Id.* (quoting *A.H. Robins Company, Inc. v. Piccinin,* 788 F.2d 994, 999 (4th Cir.1986)). "An illustration of such a situation would be a suit against a third-party who is entitled to absolute indemnity by the debtor on account of any judgment that might result against them in the case." *Piccinin*, 788 F.2d at 999.

Here, Plaintiff Maguire-O'Hara Construction alleges that it served as a subcontractor to Cool Roofing and supplied labor and materials for which it has not been paid. Its claim against Cool Roofing, which has been stayed, is for breach of contract. Its claim against PIIC is for failure to pay on a Miller Act Payment Bond. Cool Roofing obtained and furnished the bond to the U.S. Government, pursuant to which PIIC, as surety, bound itself to pay jointly and severally with Cool Roofing, as principal, any and all unpaid amounts due to any person having a direct relationship with Cool Roofing for furnishing labor, material or both. PIIC's liability for failing to pay on the bond as surety is thus

dependent upon Cool Roofing's liability for breach of contract. What's more, PIIC appears to have an absolute contractual indemnity right against Cool Roofing for any debt of Cool Roofing's that PIIC satisfies as a result of having issued the payment bond. *See* Doc. No. 39, Ex. 1.

The situation here falls into the narrow exception requiring the Court to expand the automatic stay. There is not an independent basis for PIIC's liability, and PIIC is entitled to indemnity by Cool Roofing on account of any judgment that might result against them. Accordingly, Plaintiffs' claim against Defendant PIIC is hereby stayed until resolution of Defendant Cool Roofing's bankruptcy petition in the United States Bankruptcy Court.

The parties are ordered to notify the Court upon resolution of Defendant Cool Roofing's bankruptcy petition or in the event that the United States Bankruptcy Court for the Eastern District of California grants relief from the automatic stay.

**IT IS SO ORDERED** this 11th day of February 2020.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE